UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QASHONTAE HOSOMLA SHORT,

    Plaintiff,

v.

    Case No. 2:25-cv-10971
    Hon. Brandy R. McMillion
    United States District Judge

DORIS ANN MOSHER, *et al*.

    Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

This is a *pro se* civil case filed by Plaintiff QaShontae Hosomla Short ("Plaintiff") against Defendants Doris Ann Mosher, Shanta LNU, and various John Doe deputies and kitchen staff at the Genesee County Sherriff's Office (collectively, "Defendants"). *See generally* ECF No. 1. Plaintiff has also filed an Application to Proceed in District Court Without the Prepayment of Fees or Costs. ECF No. 4. After reviewing the Complaint, the Court **SUMMARILY DISMISSES** Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court finds that Plaintiff has failed to state a claim for which relief can be granted.

**I.**

As best the Court can discern, Plaintiff is seeking civil redress against Defendants relating to a dispute over stolen commissary items at Genesee County

1

Jail and an unrelated car accident. *See* ECF No. 1, PageID.5-6. The Complaint states:

> 1.) Deputies watched as Doris accepted the commissary that was reported as stolen on my account even after I reported her and there was a huge argument with about 4 other deputies present. 2.) A 4th or 5th deputy was very nasty to me after the incident occurred about the food being taken back into the room when almost everyone take food back. 4.) Her friend "Shanta", her accomplice also stood by her side and defended her even after seeing my name on my account at the kiosk and told the deputies that I was wrong and lying. 5.) Doris is very sociable and cool with many deputies in the unit and it showed. 6.) I was not paid for the mini tort on my car accident when hit in January of 2022 the police office Kris Surdu falsified and lied on the police report stating my airbag was not deployed even when I provided pictures to the insurance company, he also stated that I was hit head on and I was not, I was hit on the passenger (right) rear tire side in or around Davison also hit again on the driver's side (left) rear tire side in Clio she may have an affiliation with a guy I used in Flushing.

*Id.* at PageID.5. The Claim for Relief further states:

> Emotional distress and psychological distress of being used for personal gain. Punitive and compensatory damages. Doris openly and aggressively stated, "AND YOU ARE NOT BONDING OUT OF HERE." before committing the crime and openly admitted to driving a Buick and I was hit in a car accident in the same spot on both side (right and left rear tires) She lied in my face in front of the entire unit stating that she was on her account on the kiosk when I could clearly see my name in the top left hand corner. I watched as the deputies allowed her to walk to her cell after I reported her and an argument occurred with her accomplice "Shanta", who I believe

> May have been there to appear as me. Immediately after the incident I wasn't given a di1mer tray and her "friends" started arguments and made nasty, derogatory remarks toward me. I was given no juice to drink for breakfast the following morning but Doris was able to get a juice box from the deputies. My food was intentionally tainted the day I was released from jail. I went in jail on my menstrual cycle and I left jail on my menstrual cycle and it is known that I am severely anemic. These incidents were intentional, deliberately, viciously and maliciously sought ought because I said she stole and assaulted me. Damages of $100,000.00 to be distributed on a monthly basis as any other creditor. These acts appear to be premeditated and carefully and meticulously carried out so that I would lose my property (my

*Id.* at PageID.6. Plaintiff brings these claims pursuant to the following:

> 10 USC 921:Art. 121 Larceny and wrongful appropriation; 18 USC 641; 10 USC 2485; Crabb vs. Zerst, Warden, 99 F.2d 562; 18 USC Ch. 31; 18 USC 351(e), 18 USC 3571; Dyson vs. United States, D.C.Mun.App., 97 A.2d 135, 137; 18 USC 1365 (a)(3)(b)d)(e)(g)(B)(2)(3)(4); 18 USC 1956(a)(A)(3)(c); 21 USC 802; 18 USC 2(b); 42 USC 12203

*Id.* at PageID.4.

## II.

Plaintiff has filed an Application to Proceed in District Court Without the Prepayment of Fees and Costs (*in forma pauperis*). ECF No. 4. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 2:16-cv-12501, 2016

WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

Even construing the *pro se* complaint liberally, the Court finds that Plaintiff does not have any viable claims against Defendants based on the allegations in the

Complaint. The statutes referenced (see ECF No. 1, PageID.4) do not confer any claim for relief for the conduct alleged. The Court is not able to conjure up unpleaded facts to create a claim for relief. *See Williams,* 2022 WL 2966395 at *2. Therefore, summary dismissal is appropriate.

IV.

Accordingly, Plaintiff's Complaint (ECF No. 1) is summarily **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's request to proceed *in forma pauperis* (ECF No. 4) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: April 23, 2025  
  Detroit, Michigan

s/Brandy R. McMillion  
Hon. Brandy R. McMillion  
United States District Judge